IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

THOM SHIRAISHI,                          )      CIVIL NO. 11-00471 LEK
                                         )
            Plaintiff,                   )
                                         )
      vs.                                )
                                         )
UNITED STATES OF AMERICA,                )
                                         )
            Defendant.                   )
_____          )


**ORDER GRANTING DEFENDANT'S MOTION FOR VEXATIOUS LITIGANT ORDER**

            Before the Court is Defendant the United States of

America's ("the United States") Motion for Vexatious Litigant

Order ("Motion"), filed on July 28, 2011.  Pro se plaintiff

Thom Shiraishi ("Shiraishi") filed his memorandum in opposition

on August 15, 2011, and the United States filed its reply on

August 31, 2011.[1]  The United States also filed a Request for

Judicial Notice on September 16, 2011.  This matter came on for

hearing on September 19, 2011.  Assistant United States Attorney

Rachel Moriyama appeared on behalf of the United States, and

_____

            [1] Shiraishi also filed a response to the United States'
reply on September 12, 2011.  [Dkt. no. 9]  Local Rule 7.4 states
that, after a memorandum in opposition and a reply, "[n]o further
or supplemental briefing shall be submitted without leave of
court."  Shiraishi did not obtain leave to file a response to the
United States' reply.  This Court therefore did not consider
Shiraishi's response.  The Court notes that Local Rule 7.4 did
not preclude the United States from filing a request for judicial
notice because such a request is not a supplemental brief.
Further, pursuant to Fed. R. Evid. 201(f), this Court may take
judicial notice at any time.

Shiraishi appeared on his own behalf.  After careful
consideration of the Motion, supporting and opposing memoranda,
and the relevant legal authority, the United States' Motion is
HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

The United States acknowledges that a vexatious
litigant order is "an extreme remedy and should rarely be used,"
[Mem. in Supp. of Motion at 2 (some citations omitted) (citing <u>De
Long v. Hennessey</u>, 912 F.2d 1144, 1147 (9th Cir. 1990)),] because
it "'can tread on a litigant's due process right of access to the
courts.'"  [<u>Id.</u> (quoting <u>Molski v. Evergreen Dynasty Corp.</u>, 500
F.3d 1047, 1057 (9th Cir. 2007)).]  The United States, however,
argues that it can establish all of the four factors which the
Ninth Circuit has held must be satisfied for a court to issue a
vexatious litigant order.  [<u>Id.</u> at 3-4 (some citations omitted)
(citing <u>Molski</u>, 500 F.3d at 1057).]

The United States asks the Court to take judicial
notice of Shiraishi's original cases and the pro se civil actions
against government defendants that he filed arising from the
original cases.

## I.   <u>Shiraishi's Original Cases</u>

The relevant litigation history began with actions to
foreclose on loans secured by mortgages on Shiraishi's farm
property ("the Property").

**A.    Bank of Hawaii v. Shiraishi, et al., CV 85-00360**

Bank of Hawaii ("BOH") filed a foreclosure action ("BOH Foreclosure Case") in state court on March 18, 1985.[2]  The BOH Foreclosure Case arose from Shiraishi's alleged default on various loans - including a credit card account, a line of credit, and first and third mortgage loans on the Property.  The United States, which was a defendant in the BOH Foreclosure Case because of federal tax liens and because the Farmers Home Administration, United States Department of Agriculture ("FmHA"), held a second mortgage on the Property, removed the action to federal court.  United States Attorney ("U.S. Attorney") Florence T. Nakakuni, who was an Assistant United States Attorney ("AUSA") at the time, represented the FmHA and the Internal Revenue Service ("IRS").  The parties settled the case through a Mutual Release Settlement and Indemnification Agreement ("BOH Settlement Agreement") dated June 2, 1986, and filed on June 23, 1986.  On November 5, 1986, the district judge approved and filed the parties' stipulation to dismiss the case with prejudice. [Moriyama Decl. at ¶ 3(a).]

**B.    United States v. Shiraishi, et al., CV 04-00678 SPK-LEK**

The United States filed a foreclosure action ("FSA Foreclosure Case") on November 16, 2004 on behalf of the Farm

---

[2] The Complaint in the BOH Foreclosure Case is attached to the Motion as Exhibit A to the Declaration of Rachael S. Moriyama ("Moriyama Declaration").

Service Agency, United States Department of Agriculture ("FSA") based on Shiraishi's alleged default on two FSA loans.[3]  At the time, Edward Kubo, Jr., was the United States Attorney.  AUSAs Harry Yee and Edric Ching handled this case.  After a two-day bench trial, during which R. Steven Geshell, Esq., represented Shiraishi, Senior United States District Judge Samuel P. King ruled in favor of the United States and ultimately entered a judgment and interlocutory decree of foreclosure authorizing the United States to sell the Property.  [Id. at ¶ 3(c).]

Shiraishi appealed and, on August 27, 2007, the Ninth Circuit dismissed the appeal as moot because Shiraishi did not obtain a stay of the foreclosure sale during the pendency of the appeal, and the Property had been sold.  [Id.]

C.    In re Shiraishi, Case No. 06-00636 (Bankr. D. Hawai`i)

Shiraishi filed a Chapter 7 bankruptcy proceeding on September 8, 2006, to try to stop or postpone the foreclosure sale authorized in the FSA Foreclosure Case.  AUSAs Yee and Ching obtained relief from the automatic stay to allow the foreclosure auction to go forward.  [Id. at ¶ 3(d).]

II.  Pro Se Actions Against Government Defendants

Shiraishi has also filed a number of civil actions against government defendants based on or related to the original

_____

[3] The Complaint in the FSA Foreclosure Case is attached to the Motion as Exhibit C to the Moriyama Declaration.

cases.  The cases that Shiraishi filed this year prompted the United States to seek a vexatious litigant order.

### A.   **Shiraishi, et al. v. United States**, CV 85-00984

During the pendency of the BOH Foreclosure Case, Shiraishi filed this action ("FmHA Tort Case") in this district court on August 20, 1985.[4]  Shiraishi alleged that FmHA employees committed various torts in connection with the loans at issue in the BOH Foreclosure Case.  Then-AUSA Nakakuni represented the United States in this case.  The district judge ultimately found that Shiraishi and the United States resolved this dispute in the BOH Settlement Agreement, and the district judge dismissed the case for lack of subject matter jurisdiction.  [Id. at ¶ 3(b).]

### B.   **Shiraishi v. United States**, CV 06-00600 EFS-LEK

On October 23, 2006, Shiraishi filed a complaint in state court against four FSA employees and a paralegal in the United States Attorney's Office ("Shiraishi v. Greer").[5]  The action was based on events that led up to the filing of the FSA Foreclosure Case.  AUSA Ching represented the defendants.  The defendants removed the case and later filed a notice substituting the United States for the individual defendants.  On August 3, 2007, the district judge issued an order granting the United

---

[4] The Complaint in the FmHA Tort Case is attached to the Motion as Exhibit B to the Moriyama Declaration.

[5] The Complaint in Shiraishi v. Greer is attached to the Motion as Exhibit D to the Moriyama Declaration.

States' motion to dismiss the case based on sovereign immunity and on *res judicata* grounds. Shiraishi appealed and, on March 3, 2009, the Ninth Circuit issued a memorandum decision affirming the judgment. [<u>Id.</u> at ¶ 3(e).]

**C.** **<u>Shiraishi v. Kubo, et al.,</u> CV 11-00225 DAE-BMK**

On March 22, 2011, Shiraishi filed this action ("<u>Shiraishi v. Kubo</u>") in state court against Former U.S. Attorney Kubo and AUSAs Yee and Ching, challenging their actions in connection with the FSA Foreclosure Case and the related bankruptcy proceeding.[6] The defendants, who are represented by AUSA Rachel Moriyama, removed the case on April 7, 2011. [<u>Id.</u> at ¶ 3(f).] On April 14, 2011, Shiraishi filed a motion to remand. [<u>Shiraishi v. Kubo</u> (dkt. no. 11).] On May 19, 2011, United States Magistrate Judge Richard L. Puglisi issued his findings and recommendation to deny the motion ("<u>Shiraishi v. Kubo</u> F&R"). [<u>Id.</u> (dkt. no. 17).] On May 25, 2011, Shiraishi filed objections to the <u>Shiraishi v. Kubo</u> F&R. [<u>Id.</u> (dkt. no. 21).]

The district judge adopted the <u>Shiraishi v. Kubo</u> F&R on June 23, 2011. The district judge noted: "It is not entirely clear to the Court what, specifically, Plaintiff here challenges with respect to Judge Puglisi's decision. The majority of Plaintiff's Objections can only be characterized as <u>ad hominem</u>

---

[6] The Complaint in <u>Shiraishi v. Kubo</u> is attached to the Motion as Exhibit E to the Moriyama Declaration.

attacks on Judge Puglisi." [_Shiraishi v. Kubo_, Order, filed 6/23/11 (dkt. no. 28) at 6 (citation and footnote omitted).] In fact, Shiraishi seemed to suggest that Magistrate Judge Puglisi had engaged in criminal or negligent conduct. [_Id._ at 6 n.1 (citation omitted).]

On May 23, 2011, the defendants filed a motion to dismiss the complaint based on absolute immunity, qualified immunity, and _res judicata_. [_Shiraishi v. Kubo_ (dkt. no. 18).] On September 9, 2011, United States District Judge David Alan Ezra, however, denied the motion without prejudice and sua sponte dismissed the complaint for failure to comply with Fed. R. Civ. P. 8. Shiraishi has thirty days from the filing of Judge Ezra's order to amend his complaint. [_Id._ (dkt. no. 33).]

### D. **_Shiraishi v. United States_, CV 11-00323 JMS-BMK**

On May 5, 2011, Shiraishi filed this action ("_Shiraishi v. Nakakuni_") in state court against U.S. Attorney Nakakuni, challenging her actions in the BOH Foreclosure Case.[7] AUSA Moriyama is representing U.S. Attorney Nakakuni, and she removed the case on May 19, 2011. [_Shiraishi v. Nakakuni_ (dkt. no. 1).] Shiraishi filed a motion to remand on May 25, 2011. [_Id._ (dkt. no. 8).]

On July 12, 2011, United States Magistrate Judge

---

[7] The Complaint in _Shiraishi v. Nakakuni_ is attached to the Motion as Exhibit G to the Moriyama Declaration.

Barry M. Kurren issued his findings and recommendation that Shiraishi's motion to remand be denied ("Shiraishi v. Nakakuni F&R").  The document also contained an order that the United States be substituted as the defendant for U.S. Attorney Nakakuni.  [Id. (dkt. no. 24).]  On July 18, 2011, Shiraishi filed objections to the Shiraishi v. Nakakuni F&R, arguing that the substitution was erroneous and constituted unethical misconduct.  He also stated that he would address Magistrate Judge Kurren's denial of his basic fundamental rights in a separate complaint.  [Id. (dkt. no. 25) at 1.]  On July 27, 2011, United States District Judge J. Michael Seabright issued an order adopting the Shiraishi v. Nakakuni F&R and affirming the order substituting the United States as the defendant.  [Id. (dkt. no. 29).]

On June 30, 2011, the United States filed a motion to dismiss the complaint with prejudice based on immunity and statute of limitations grounds.  [Id. (dkt. no. 20).]  On September 27, 2011, Judge Seabright issued an order that, *inter alia*, granted the motion and dismissed the case with prejudice ("Shiraishi v. Nakakuni Dismissal Order").  [Id. (dkt. no. 44).]  The Clerk's Office entered final judgment on the same day.  [Id. (dkt. no. 45.).]

### E.   Shiraishi v. Puglisi, et al., CV 11-00425 REJ

On June 13, 2011, Shiraishi filed this action against

Magistrate Judge Puglisi, First Assistant United States Attorney ("FAUSA") Elliot Enoki, and AUSA Moriyama in state court ("Shiraishi v. Puglisi").[8]  This case is based on the defendants' actions in their official capacities in connection with the litigation of Shiraishi v. Kubo and Shiraishi v. Nakakuni. [Moriyama Decl. at ¶ 3(h).]  The defendants removed this action on July 1, 2011, and filed a motion to dismiss on July 21, 2011. [Shiraishi v. Puglisi (dkt. nos. 1, 8).]  On August 10, 2011, after the briefing was complete, Senior United States District Judge Robert E. Jones, sitting by designation, issued an entering order granting the motion and dismissing the case with prejudice for the reasons set forth in the motion.  [Id. (dkt. no. 11).] Judgment was issued the next day.  [Id. (dkt. no. 12).] Shiraishi filed his Notice of Appeal on August 29, 2011.  [Id. (dkt. no 14).]

### F.  Shiraishi v. Kurren, CV 11-00490 AWT

On July 25, 2011, Shiraishi filed the complaint in this case in state court.[9]  He asserts Bivens claims against Magistrate Judge Kurren in connection with actions Magistrate Judge Kurren took in his official capacity during Shiraishi v. Nakakuni.  [Moriyama Decl. at ¶ 3(i).]

---

[8] The Complaint in Shiraishi v. Puglisi is attached to the Motion as Exhibit H to the Moriyama Declaration.

[9] The Complaint in Shiraishi v. Kurren is attached to the Motion as Exhibit I to the Moriyama Declaration.

Magistrate Judge Kurren subsequently removed the case. [<u>Shiraishi v. Kurren</u>, Notice of Removal of Civil Action, filed 8/11/11 (dkt. no. 1).] Magistrate Judge Kurren filed a motion to dismiss for lack of jurisdiction on August 18, 2011. [<u>Id.</u> (dkt. no. 5).] Shiraishi filed his memorandum in opposition to the motion to dismiss on August 29, 2011, and a motion for remand on September 6, 2011. [<u>Id.</u> (dkt. nos. 8, 9).]

On September 14, 2011, United States Circuit Judge A. Wallace Tashima, sitting by designation, issued an order granting Magistrate Judge Kurren's motion to dismiss the case with prejudice and denying Shiraishi's motion to remand as moot ("<u>Shiraishi v. Kurren</u> Dismissal Order"). [<u>Id.</u> (dkt. no. 11).] Final judgment was also issued on September 14, 2011. [<u>Id.</u> (dkt. no. 12).]

### G. <u>Shiraishi v. Jones</u>, CV 11-00549 LEK

On August 22, 2011, after the United States filed the instant Motion, Shiraishi filed the complaint in this case in state court.[10] He is suing Judge Jones based solely on actions Judge Jones took in his official capacity during <u>Shiraishi v. Puglisi</u>. [Reply at 2.] Judge Jones removed the action on September 9, 2011, and filed a motion to dismiss for lack of jurisdiction on September 15, 2011. [<u>Shiraishi v. Jones</u> (dkt.

---

[10] The Complaint in <u>Shiraishi v. Jones</u> is attached to the Reply as Exhibit 2.

nos. 1, 9).]  Shiraishi filed a motion for remand on
September 19, 2011.  [Id. (dkt. no. 11).]  These motions are set
for hearing before this Court on November 28, 2011.  [Id. (dkt.
nos. 10, 12).]

## III. **The United States' Motion**

The United States argues that both the number and the
content of Shiraishi's filings indicate that his claims are
frivolous.  In the alternative, they indicate a pattern of
harassment.

The United States asserts that Shiraishi has repeatedly
filed "incomprehensible" complaints against it, directly and
through its employees, based on the same set of factual
allegations.  [Mem. in Supp. of Motion at 16.]  Shiraishi v. Kubo
attempts to re-litigate claims, defenses, and issues adjudicated
in the FSA Foreclosure Case and in Shiraishi v. Greer.  Shiraishi
v. Nakakuni attempts to challenge events associated with the BOH
Foreclosure Case and the FmHA Tort Case.  The Shiraishi v.
Nakakuni Complaint also alleges many of the claims from Shiraishi
v. Kubo, even though U.S. Attorney Nakakuni was not involved in
the FSA Foreclosure Case.  The United States also argues that
Shiraishi v. Nakakuni, Shiraishi v. Kubo, and Shiraishi v.
Puglisi are frivolous because all of the named defendants in
those cases were entitled to absolute immunity.

The United States asserts that Shiraishi's filings in

_Shiraishi v. Nakakuni_, _Shiraishi v. Puglisi_, and _Shiraishi v._
_Kurren_, together with his written and oral statements, [Moriyama
Decl. at ¶¶ 7-11,] are clear evidence that he intends to harass
and intimidate the United States Attorney's Office ("USAO")
attorneys and the judges who have been involved in his prior and
pending actions. The United States emphasizes that many of the
defendants, including Former U.S. Attorney Kubo, FAUSA Enoki,
AUSA Moriyama, Magistrate Judge Puglisi, and Magistrate Judge
Kurren had no involvement in the underlying foreclosure cases.
The complaints seek millions of dollars in damages from the
government attorneys and judges and contain personal attacks
against them.

The United States argues that there is a strong
likelihood that Shiraishi will continue to file frivolous and
abusive cases. "He has repeatedly declared to government counsel
and the Court his intention to file further lawsuits if he does
not receive the 'justice' he demands in his litigation." [Mem.
in Supp. of Motion at 19 (citing Moriyama Decl. at ¶¶ 3(g) and 7-
11).] The United States argues that Shiraishi's abusive
practices are unnecessarily wasting the resources of the USAO and
the district court. These resources could be better used to
address the meritorious claims of other litigants.

The United States argues that the Court can narrowly
tailor the pre-filing order so that it only requires Shiraishi

12

"to obtain court permission prior to filing future pro se lawsuits against the United States, its agencies and employees, and/or the judges of this Court, that are based on or relate to any of Shiraishi's prior and/or pending litigation in this Court." [Id. at 21-22.] This would ensure that the order does not infringe upon Shiraishi's right to access the courts to address other matters against the defendants protected by the proposed vexatious litigant order or to bring claims against other parties. [Id. at 22.]

## IV. Shiraishi's Memorandum in Opposition

The majority of the allegations in Shiraishi's memorandum in opposition appear to address the merits of the underlying foreclosure cases. He claims that the Motion misrepresents important events associated with those cases.

Shiraishi alleges that the United States has not provided any evidence to support its claim that his cases are frivolous. In fact, he claims that the FSA Foreclosure Case was frivolous. Shiraishi accuses AUSA Moriyama of engaging in "fraud, misrepresentation, deceit" and he "demands her removal and incarceration". [Mem. in Opp. at 1-2.]

Shiraishi argues that granting the Motion would violate his First Amendment right to freedom of speech, his Fourteenth Amendment right against discrimination and to have access to the courts, and his Seventh Amendment right to a jury trial. He

contends that these violations would be actionable under 42
U.S.C. §§ 1983 and 1987. [Id. at 2.]

Shiraishi accuses U.S. Attorney Nakakuni of
intentionally violating the BOH Settlement Agreement and
embezzling $115,000 owed to him thereunder. [E.g., id. at 4-7.]
He demands U.S. Attorney Nakakuni's incarceration and also
contends that she and AUSA Moriyama have both committed perjury.
Further, because he alleges that AUSA Moriyama has attempted to
cover up U.S. Attorney Nakakuni's criminal actions, Shiraishi
demands AUSA Moriyama's disbarment. [Id. at 6-7.]

Shiraishi contends that the sale of his Property during
the pendency of his Ninth Circuit appeal constituted the "felony
of grand larceny" because the bankruptcy court ruled that his
account was not to be liquidated until after the decision on the
appeal. [Id. at 8.] Shiraishi demands that Judge King be
"indicted as a judge" because of his "abundance of legal errors
and his violations of federal regulations" in the FSA Foreclosure
Case. [Id. at 11.] Shiraishi also alleges that the United
States and Judge King refused to compel U.S. Attorney Nakakuni to
disburse the $115,000 that she embezzled. [Id. at 12.]

Shiraishi argues that Former U.S. Attorney Kubo and
AUSAs Yee and Ching must be held accountable for filing the
frivolous FSA Foreclosure Case and for participating in the
cover-up of U.S. Attorney Nakakuni's breach of the BOH Settlement

14

Agreement.  He also argues that Judge King must be held
accountable for not dismissing the FSA Foreclosure Case.
Shiraishi claims that Judge King should not have authorized
foreclosure because, although the United States alleged he was in
default on two loans, he actually had three loans and could not
have been in default unless there was a default as to all three
loans.  [Id. at 16.]  Shiraishi alleges that Judge King is liable
for damages and must be arrested, prosecuted, imprisoned, and
held for trial.  [Id. at 24.]

        As to Shiraishi v. Greer, Shiraishi contends that
United States District Judge Edward F. Shea, sitting by
designation, erred in granting the United States' motion to
dismiss because the United States had waived its sovereign
immunity and because Shiraishi did not have the opportunity to
raise the violations of his constitutional rights during the FSA
Foreclosure Case.  [Id. at 27-28.]  Shiraishi alleges that Judge
Shea, as well as the Ninth Circuit in its memorandum decision,
covered up the embezzlement of the $115,000.  [Id. at 30.]

        As to Shiraishi v. Kubo, Shiraishi alleges that then-
U.S. Attorney Kubo knew that then-AUSA Nakakuni breached the
court-approved BOH Settlement Agreement and that she defrauded
Shiraishi of $115,000.  Then-U.S. Attorney Kubo was allegedly
required to arrest, prosecute, and imprison her.  Shiraishi also
alleges that then-U.S. Attorney Kubo participated in the cover-

15

up.  [Id. at 35-36.]

As to his bankruptcy proceeding, Shiraishi argues that his appeal took precedence over the United States' order granting relief from the bankruptcy stay.  Thus, the sale of the Property while the appeal was pending was improper and constituted grand larceny.  [Id. at 39-40.]

As to Shiraishi v. Nakakuni, Shiraishi argues that FAUSA Enoki and AUSA Moriyama committed fraud, misrepresentation, and deceit in removing the case, and he demands their incarceration and disbarment.  Shiraishi reiterates that his Constitutional rights have been violated by individual federal officials and that such violations are actionable under Bivens. [Id. at 41-42.]  Shiraishi argues that U.S. Attorney Nakakuni is not entitled to any immunity for her criminal actions, and he asserts that *res judicata* and collateral estoppel do not apply because a criminal felony cannot be prosecuted in a foreclosure action.  Further, substitution of the United States for U.S. Attorney Nakakuni was improper because the embezzlement was also an offense against her employer.  [Id. at 44.]

As to Shiraishi v. Puglisi, Shiraishi again complains that the case was removed by fraud, misrepresentation, and deceit, under U.S. Attorney Nakakuni's guidance and approval.  He therefore reiterates his demand that she be held accountable. [Id. at 45.]  Shiraishi contends that this case is neither

16

frivolous nor harassing because there was a clear violation of his Fifth Amendment right to notice and he was clearly discriminated against. [Id. at 46-47.]

As to Shiraishi v. Kurren, he argues that Magistrate Judge Kurren's Shiraishi v. Nakakuni F&R was legally erroneous, an abuse of discretion, and contrary to the law and Shiraishi's fundamental rights. Magistrate Judge Kurren improperly allowed the United States' counsel to remove the case without notice to Shiraishi and defrauded him of his right to proceed in state court. Shiraishi also argues the substitution of the United States for the individual defendants was improper, and he demands that Magistrate Judge Kurren be arrested, prosecuted, imprisoned, or held for trial. [Id. at 47-48.] Further, Magistrate Judge Kurren attempted to cover up U.S. Attorney Nakakuni's felony, and he is therefore an accessory-after-the-fact and is liable for aiding and abetting. Shiraishi argues that the United States has not carried its burden of proving that Shiraishi v. Kurren is frivolous. [Id. at 49.]

In summary, Shiraishi alleges that all of his complaints address constitutional violations and are not frivolous. He argues that the Motion is frivolous and warrants sanctions. He also appears to suggest that, if this Court grants the Motion, this Court will violate his constitutional rights and will be subject to suit, removal, disbarment, suspension,

17

indictment, and incarceration.  [Id. at 49-50.]

**V.    The United States' Reply**

In its Reply, the United States argues that Shiraishi's opposition re-enforces the grounds for a vexatious litigant order because it is "rambling and nonsensical".  [Reply at 3.] Further:

> In light of Shiraishi's repeated practice of
> filing his pro se complaints in Hawaii state
> court, the United States also requests that the
> Court require Shiraishi to obtain the Court's
> permission prior to being allowed to maintain and
> pursue his claims in this Court if and when a pro
> se lawsuit filed by Shiraishi in the Hawaii state
> courts is removed to federal court.

[Id. at 3-4.]

The United States reiterates that it has met the Ninth Circuit's four-part test for a vexatious litigant order, and it points out that Shiraishi did not dispute the legal authority cited in the Motion, nor did he identify any credible evidence to address the factual allegations in the Motion.  All of Shiraishi's lawsuits "ultimately rely upon the false premise that the government failed to comply with the BOH Foreclosure Case settlement agreement[.]"  [Id. at 6.]  The United States further argues that all of the federal defendants are immune from suit based on the actions they took in these judicial proceedings. The United States therefore reiterates that a vexatious litigant order is warranted.

18

## DISCUSSION

### I.  Judicial Notice

The United States requests that this Court take judicial notice of Shiraishi's original cases and the subsequent pro se civil actions against government defendants.  [Mem. in Supp. of Motion at 5; Reply at 2 nn. 1-2; United States' Request for Judicial Notice of Court Orders Entered in Cases Relating to Motion, filed 9/16/11 (dkt. no. 10) ("Request for Judicial Notice").]  The United States has submitted, *inter alia*, the complaints from the relevant cases, [Moriyama Decl., Exhs. A-E, G-I; Reply, Exhs. 2-3,] and three orders of dismissal [Reply, Exh. 1; Request for Judicial Notice, Exhs. 4-5].

The Court may take judicial notice of any fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b). This Court may take judicial notice at any stage of a case, and the Court must take judicial notice when a party makes a request and supplies the necessary information.  Fed. R. Evid. 201(d), (f).  The documents that the United States has presented are public records.  Further, additional documents for all five of Shiraishi's 2011 cases, which prompted the filing of the instant Motion, are available through the district court's CM/ECF system. The United States' Request for Judicial Notice is therefore

19

GRANTED.

## II. __Vexatious Litigant Order__

The Ninth Circuit has stated:

We review a pre-filing order entered against a vexatious litigant for abuse of discretion. <u>De Long v. Hennessey</u>, 912 F.2d 1144, 1146 (9th Cir. 1990). A district court abuses its discretion when it bases its decision on an incorrect view of the law or a clearly erroneous finding of fact. <u>United States v. Finley</u>, 301 F.3d 1000, 1007 (9th Cir. 2002); <u>Does 1-5 v. Chandler</u>, 83 F.3d 1150, 1152 (9th Cir. 1996). The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. <u>Weissman v. Quail Lodge Inc.</u>, 179 F.3d 1194, 1197 (9th Cir. 1999). However, such pre-filing orders are an extreme remedy that should rarely be used. <u>De Long</u>, 912 F.2d at 1147. Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts. <u>Cromer v. Kraft Foods N. Am., Inc.</u>, 390 F.3d 812, 817 (4th Cir. 2004); <u>Moy v. United States</u>, 906 F.2d 467, 470 (9th Cir. 1990); <u>see also</u> <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422, 429, 102 S. Ct. 1148, 71 L. Ed. 2d 265 (1982) (noting that the Supreme Court "traditionally has held that the Due Process Clauses protect civil litigants who seek recourse in the courts, either as defendants hoping to protect their property or as plaintiffs attempting to redress grievances"); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1336.3, at 698 (3d ed. 2004). A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances. Nevertheless, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." <u>De Long</u>, 912 F.2d at 1148; <u>see</u> <u>O'Loughlin v. Doe</u>, 920 F.2d 614, 618 (9th Cir. 1990). Thus, in <u>De Long</u>, we

20

outlined four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered. De Long, 912 F.2d at 1147. Second, the district court must compile "an adequate record for review." Id. at 1148. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Id. Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." Id.

Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1056-57 (9th Cir. 2007) (alteration in Molski).

A.   **Factors One and Two**

First, Shiraishi had notice that the Court was considering the United States' request for an order declaring him a vexatious litigant, and he had the opportunity to be heard through his memorandum in opposition and his arguments at the hearing.

Second, this Court has set forth descriptions of Shiraishi's filing history that prompted the United States' Motion. See supra Background, sections II.C. through II.G.

B.   **Factor Three**

Third, the Court must examine whether Shiraishi's lawsuits are frivolous or harassing.

To decide whether the litigant's actions are frivolous or harassing, the district court must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims. An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently

21

without merit.

Molski, 500 F.3d at 1059 (citations and quotation marks omitted).

In the last approximately seven months, Shiraishi has filed five civil actions against USAO attorneys and federal judges. All of the complaints allege that Shiraishi's constitutional rights were violated in the course of the underlying foreclosure actions and in the litigation that arose therefrom.

In dismissing Shiraishi v. Kurren with prejudice, Judge Tashima first noted that the United States has not waived its sovereign immunity from Bivens actions against federal officials in their official capacity, which are in essence actions against the United States itself. He therefore ruled that the district court lacked subject matter jurisdiction over the case. [Shiraishi v. Kurren Dismissal Order at 3.] To the extent that any of the claims in Shiraishi's complaint could be construed as something other than official capacity Bivens claims, Judge Tashima ruled that Magistrate Judge Kurren was entitled to absolute judicial immunity. [Id. at 3-4 (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc)).] In conclusion, Judge Tashima stated:

> The established, orderly, and adequate procedure
> of challenging a trial judge's asserted errors is
> to appeal from his adverse rulings and judgment to
> the court of appeals. Most assuredly, it is not

> to commence an independent, collateral lawsuit
> attacking those rulings and the judge who made
> them.  Our system of law does not tolerate such
> repeated and collateral attacks on trial judges
> and their rulings.

[Id. at 4.]

Judge Jones dismissed Shiraishi v. Puglisi on similar grounds.  [Shiraishi v. Puglisi, Minute Order, filed 8/10/11 (dkt. no. 11) (granting motion to dismiss with prejudice for the reasons set forth in the motion); Mem. in Supp. of Defs.' Motion to Dismiss Complaint with Prejudice, filed 7/21/11 (dkt. no. 8-1), at 10-12 (arguing that the case should be dismissed for lack of subject matter jurisdiction because there is no waiver of sovereign immunity from official capacity lawsuits against United States officials); Mem. in Supp. of Motion to Dismiss at 12-13 (arguing that Magistrate Judge Puglisi is entitled to absolute judicial immunity).]  Further, Judge Jones ruled that FAUSA Enoki and AUSA Moriyama were entitled to absolute immunity from liability for their actions while representing the United States' interests in civil litigation, including the initiation or participation in civil judicial proceedings.  [Shiraishi v. Puglisi, Minute Order (granting motion to dismiss with prejudice for the reasons set forth in the motion); Mem. in Supp. of Motion to Dismiss at 13-14 (citing Butz v. Economou, 438 U.S. 478 (1978); Fry v. Melaragno, 939 F.2d 832, 837 (9th Cir. 1991) (some citations omitted)).]

Judge Seabright dismissed <u>Shiraishi v. Nakakuni</u> on similar grounds. He ruled that, to the extent Shiraishi raised claims against U.S. Attorney Nakakuni in her official capacity, the claims were effectively claims against the United States, and the United States had not consented to be sued, nor did a statutory waiver of its sovereign immunity apply. [<u>Shiraishi v. Nakakuni</u> Dismissal Order at 10-12 & n.8.] Even if Shiraishi's complaint were construed as alleging <u>Bivens</u> claims against U.S. Attorney Nakakuni in her individual capacity, she would be entitled to dismissal under the doctrine of absolute immunity. [<u>Id.</u> at 12-16.] Further, Judge Seabright noted that the allegations in Shiraishi's complaint indicated that his injuries occurred in 1986, and therefore Shiraishi's complaint "is plainly barred by the applicable statutes of limitations." [<u>Id.</u> at 17-18.]

The claims that Shiraishi tried to raise in <u>Shiraishi v. Kubo</u> and the claims in <u>Shiraishi v. Jones</u> appear to suffer from the same defects.[11] Further, Shiraishi's arguments in connection with the instant Motion and in his other cases suggest that he will likely continue to file similar actions if he is

---

[11] The Court emphasizes that any analysis of the merits of the claims in these pending cases is for purposes of the instant Motion only. The Court's analysis does not constitute a ruling on the motions pending before this Court in <u>Shiraishi v. Jones</u>, nor does this Court prejudge any motions or issues pending before other district judges.

dissatisfied with the rulings issued.  For example:

- Shiraishi argues that, if this Court issues an order declaring him a vexatious litigant, it would violate his constitutional rights and would be actionable under 42 U.S.C. §§ 1983 and 1987; [Mem. in Opp. at 2;]
- during the hearing on the instant Motion, Shiraishi's arguments indicated that he believes filing civil actions against the judges who rule against him is a viable alternative to filing an appeal from the judges' rulings; and
- during a June 29, 2011 scheduling conference in <u>Shiraishi v. Nakakuni</u>, Magistrate Judge Kurren asked Shiraishi for an assurance that Shiraishi would not be filing any further lawsuits related to his prior and pending cases.  Shiraishi refused to give such an assurance and stated that he might file additional lawsuits if he did not receive justice. [Moriyama Decl. at ¶ 7.]

Thus, having considered the number of Shiraishi's filings and the content of those filings, this Court FINDS, for purposes of the instant Motion, that Shiraishi's civil actions, filed against government defendants in 2011, are frivolous.

In reaching this conclusion, the Court does not question the sincerity of Shiraishi's belief that he has been denied due process or justice, and this Court does not find that Shiraishi himself is frivolous because of his belief.  Rather, the Court's conclusion is based upon the fact that Shiraishi has serially filed lawsuits alleging essentially the same claim because he is dissatisfied with the rulings he has received.

C.    **Factor Four**

Finally, the United States argues that it is possible to craft an order which will only restrict Shiraishi from prosecuting further actions against the persons or federal

entities that have been connected to his prior and pending cases. The United States proposes:

> a narrowly tailored order requiring him to obtain court approval before being allowed to (1) file any new pro se lawsuits against the United States, its agencies or employees and/or any judges that arise from or relate to any of Shiraishi's prior or pending lawsuits on file with this Court; and (2) maintain and pursue any new pro se lawsuits that are filed in Hawaii state court and removed to this Court.

[Reply at 10.]

The Court agrees that it can narrowly tailor an order to "closely fit the specific vice encountered." See Molski, 500 F.3d at 1057 (citation and quotation marks omitted). The order must be limited to restricting: the filing of any new pro se lawsuits against the United States, its agencies or employees, and/or any judges that arise from or relate to any of Shiraishi's prior or pending lawsuits in this district court;[12] the filing of any motions or subsequent pleadings in any of his pending lawsuits in this district court;[13] and the filing of any motions or subsequent pleadings in any new pro se lawsuits, which are filed in a Hawai`i state court and removed to this district

---

[12] The Court notes that, other than the cases discussed in this Order, Shiraishi has neither filed other actions in this district court nor filed other actions in the Hawai`i state courts that were subsequently removed to this district court.

[13] The Court notes that, as of the date of this Order, Shiraishi v. Kubo and Shiraishi v. Jones are the only cases that Shiraishi has pending in this district court.

court, against the United States, its agencies or employees, and/or any judges that arise from or relate to any of Shiraishi's prior or pending lawsuits in this district court. Such an order would not prevent Shiraishi from filing, among other things: civil actions based on factual allegations unrelated to the factual allegations in the complaints for his prior and pending cases; or documents in response to defense motions or requests in his pending cases.

In summary, this Court has considered all of the <u>Molski</u> factors and FINDS that Shiraishi is a vexatious litigant and that a pre-filing order is warranted.

<u>**CONCLUSION**</u>

On the basis of the foregoing, the United States' Motion for Vexatious Litigant Order, filed July 28, 2011, is HEREBY GRANTED. The Court HEREBY ORDERS that Thom Shiraishi must obtain leave of court prior to filing any of the following:

1)  any new pro se lawsuits against the United States, its agencies or employees, and/or any judges that arise from or relate to any of Shiraishi's prior or pending lawsuits in this district court;
2)  any motions or amended or supplemental pleadings in any of his pending lawsuits in this district court; and
3)  any motions or subsequent pleadings in any new pro se lawsuits, which are filed in a Hawai`i state court and removed to this district court, against the United States, its agencies or employees and/or any judges that arise from or relate to any of Shiraishi's prior or pending lawsuits in this district court.

If Shiraishi wishes to file one of the documents described above, he must submit a proposed copy of the document to the Clerk's

Office, which will lodge the document and forward it to the presiding district judge or magistrate judge for a determination whether to grant Shiraishi leave to file the document.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 30, 2011.



_/S/ Leslie E. Kobayashi_____
Leslie E. Kobayashi
United States District Judge

THOM SHIRAISHI V. UNITED STATES OF AMERICA; CIVIL NO. 11-00471 LEK; ORDER GRANTING DEFENDANT'S MOTION FOR VEXATIOUS LITIGANT ORDER